IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:13-CV-00660

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA, A. PHILIP RANDOLPH INSTITUTE, UNIFOUR ONESTOP COLLABORATIVE, COMMON CAUSE NORTH CAROLINA, GOLDIE WELLS, KAY BRANDON, OCTAVIA RAINEY, SARA STOHLER, and HUGH STOHLER, <br><br> Plaintiffs, <br><br> v. <br><br> THE STATE OF NORTH CAROLINA, JOSHUA B. HOWARD in his official capacity as a member of the State Board of Elections, RHONDA K. AMOROSO in her official capacity as a member of the State Board of Elections, JOSHUA D. MALCOLM in his official capacity as a member of the State Board of Elections, PAUL J. FOLEY in his official capacity as a member of the State Board of Elections, MAJA KRICKER in her official capacity as a member of the State Board of Elections, and PATRICK L. MCCRORY in his official capacity as Governor of the State of North Carolina, <br><br> Defendants. | **DEFENDANTS' ANSWER** |

Defendants answer plaintiffs' complaint as follows:

**FIRST DEFENSE**

Defendants answer the specific allegations of plaintiffs' complaint:

1. The allegations of this paragraph are argument or legal or conclusory allegations to which no response is required. To the extent that a response is required, defendants admit that the cited statutes, including the Voter Information Verification Act ("VIVA"), speak for themselves, that some of the plaintiffs are organizations, and that plaintiffs are seeking relief from the Court. In all other respects, defendants deny the allegations of paragraph 1.

## "JURISDICTION AND VENUE"

2. Defendants admit that the cited statutes speak themselves, In all other respects, defendants deny the allegations of paragraph 2.

3. Defendants admit that the cited statutes speak for themselves and that the Court has the authority to grant declaratory and injunctive relief. In all other respects, defendants deny the allegations of paragraph 3.

4. Defendants consent to venue in this judicial district. In all other respects, defendants deny allegations of paragraph 4.

## "PARTIES"

5. Defendants admit that Plaintiff League of Women Voters of North Carolina ("LWVNC") is an organization. In all other respects, defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 5.

6. Defendants admit that plaintiff North Carolina A. Philip Randolph Institute ("NCAPRI") is an organization. In all other respects, defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 6.

7. Defendants admit that plaintiff Unifour Onestop Collaborative is an organization. In all other respects, defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 7.

8. Defendants admit that plaintiff Common Cause North Carolina ("Common Cause NC") is an organization. In all other respects, defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 8.

9. Defendants deny the allegations of paragraph 9.

10. Defendants deny the allegations of paragraph 10.

11. Defendants admit that plaintiff Goldie Wells is an African-American who is registered to vote in Guilford County based on an address of 4203 Belfield Drive, Greensboro, NC. In all other respects, defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 11.

12. Defendants admit that plaintiff Kay Brandon is an African-American who is registered to vote in Guilford County based on an address of 1437 Old Hickory Drive, Greensboro, NC. In all other respects, defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 12.

13. Defendants admit that plaintiff Octavia Rainey is an African-American who is registered to vote in Wake County based on an address of 1516 E. Lane Street, Raleigh, NC. In all other respects, defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 13.

14. Defendants admit that plaintiffs Sara Stohler and Hugh Stohler are white and are registered to vote in Wake County based on an address of 528 N. Bloodworth

Street, Raleigh, NC and that they have used one-stop absentee voting and mail-in absentee voting. In all other respects, defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 14.

15. It is admitted, based on records held by defendant North Carolina State Board of Elections ("NCSBE"), that all plaintiffs have utilized one-stop absentee voting and mail-in absentee voting. Defendants are without knowledge or information sufficient form a belief about whether any or all plaintiffs have used same-day registration or have encouraged others to do so. In all other respects, defendants deny the allegations of paragraph 15.

16. It is admitted that the challenged provisions of VIVA speak for themselves. In all other respects, defendants deny the allegations of paragraph 16.

17-23. Defendants admit the allegations of paragraphs 17-23.

### "FACTUAL ALLEGATIONS
### Early Voting in North Carolina 2000-2012"

24. Defendants are without knowledge or information sufficient to form a belief about plaintiffs' definition of "early voting," a term that is neither a term of art nor a term defined in North Carolina's election statutes. In all other respects, defendants deny the allegations of paragraph 24.

25. Defendants are without knowledge or information sufficient to form a belief about plaintiffs' definition of "early voting," a term that is neither a term of art nor a term defined in North Carolina's election statutes. It is admitted that statutes governing

4

"one-stop absentee" voting speak for themselves. In all other respects, defendants deny the allegations of paragraph 25.

26. Defendants are without knowledge or information sufficient to form a belief about plaintiffs' definition of "early voting," a term that is neither a term of art nor a term defined in North Carolina's election statutes. Defendants admit that prior to the enactment of VIVA, and beginning in elections in 2002, county boards of election had the discretion to schedule up to 17 days of one-stop absentee voting starting on the third Thursday before an election and ending on the Saturday before the election. In all other respects, defendants deny the allegations of paragraph 26.

27. Defendants are without knowledge or information sufficient to form a belief about plaintiffs' definition of "early voting," a term that is neither a term of art nor a term defined in North Carolina's election statutes. Defendants admit that the number of North Carolinians who have utilized one-stop absentee voting is a matter of public record. In all other respects, defendants deny the allegations of paragraph 27.

28. Defendants are without knowledge or information sufficient to form a belief about plaintiffs' definition of "early voting," a term that is neither a term of art nor a term defined in North Carolina's election statutes. Defendants admit that there were 365 one-stop absentee voting sites for the 2012 general election and 368 one-stop absentee voting sites for the 2008 general election. In all other respects, defendants deny the allegations of paragraph 28.

29. Defendants are without knowledge or information sufficient to form a belief about plaintiffs' definition of "early voting," a term that is neither a term of art nor

5

a term defined in North Carolina's election statutes. In all other respects, defendants deny the allegations of paragraph 29.

30. The allegations of this paragraph are argument or legal or conclusory allegations to which no response is required. Defendants are without knowledge or information sufficient to form a belief about plaintiffs' definition of "early voting," a term that is neither a term of art nor a term defined in North Carolina's election statutes. Defendants admit that the number of days allowed for one-stop absentee voting under VIVA is less than the number of days county boards of elections could previously establish in the exercise of their discretion. In all other respects, defendants deny the allegations of paragraph 30.

31. The allegations of this paragraph are argument or are legal or conclusory allegations to which no response is required. Defendants are without knowledge or information sufficient to form a belief about plaintiffs' definition of "early voting," a term that is neither a term of art nor a term defined in North Carolina's election statutes. Defendants deny any remaining allegations of paragraph 31.

32. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 32.

33. The allegations of this paragraph are argument or are legal or conclusory allegations to which no response is required. Defendants are without knowledge or information sufficient to form a belief about plaintiffs' definition of "early voting," a term that is neither a term of art nor a term defined in North Carolina's election statutes. Defendants admit that the number of African-Americans represented in registered voters

or persons who used one-stop absentee voting are matters of public record. In all other respects, defendants deny the allegations of paragraph 33.

34. Defendants are without knowledge or information sufficient to form a belief about plaintiffs' definition of "early voting," a term that is neither a term of art nor a term defined in North Carolina's election statutes. Defendants admit that the number of African-Americans and other voters who voted in the 2012 general elections and the manner in which they voted is a matter of public record. In all other respects, defendants deny the allegations of paragraph 34.

35. Defendants are without knowledge or information sufficient to form a belief about plaintiffs' definition of "early voting," a term that is neither a term of art nor a term defined in North Carolina's election statutes. Defendants admit that the number of African-Americans and other voters who voted in the 2008 general election and the manner in which they voted is a matter of public record. In all other respects, defendants deny the allegations of paragraph 35.

36. Defendants are without knowledge or information sufficient to form a belief about plaintiffs' definition of "early voting," a term that is neither a term of art nor a term defined in North Carolina's election statutes. Defendants admit that the number of African-Americans and other voters who voted in the 2008 general election and the manner in which they voted is a matter of public record. In all other respects, defendants deny the allegations of paragraph 36.

37. Defendants are without knowledge or information sufficient to form a belief about plaintiffs' definition of "early voting," a term that is neither a term of art nor

7

a term defined in North Carolina's election statutes. Defendants admit that the number of African-Americans and other voters who cast ballots during the first seven days of one-stop absentee voting during the 2012 general election is a matter of public record. In all other respects, defendants deny the allegations of paragraph 37.

38. Defendants are without knowledge or information sufficient to form a belief about plaintiffs' definition of "early voting," a term that is neither a term of art nor a term defined in North Carolina's election statutes. Defendants admit that the races of persons using weekend one-stop absentee voting in the 2012 general election is a matter of public record. In all other respects, defendants deny the allegations of paragraph 38.

39. Defendants are without knowledge or information sufficient to form a belief about plaintiffs' definition of "early voting," a term that is neither a term of art nor a term defined in North Carolina's election statutes. Defendants admit that the number and races of voters voting on the first Sunday of one-stop absentee voting in the 2012 general election, the number of registered voters and the turnout of voters are matters of public record. In all other respects, defendants deny the allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40.

41. The allegations of this paragraph are argument or are legal or conclusory allegations to which no response is required. Defendants are without knowledge or information sufficient to form a belief about plaintiffs' definition of "early voting," a term that is neither a term of art nor a term defined in North Carolina's election statutes. Defendants admit that information reported by the American Community Survey is a

8

matter of public record. In all other respects, defendants deny the allegations of paragraph 41.

42. Defendants admit that information reported by the 2010 American Community Survey is a matter of public record. In all other respects, defendants deny the allegations of paragraph 42.

### "Same-Day Registration in North Carolina"

43. Defendants admit that legislation related to the enactment of same-day registration and other registration requirements speak for themselves. In all other respects, defendants deny the allegations of paragraph 43.

44. Defendants admit that the number of voters who voted and the races of those voters are matters of public record. In all other respects, defendants deny the allegations of paragraph 44.

45. Defendants admit that for the 2012 general election, the number of voters who registered during same day registration or updated their registration during the 2012 general election are matters of public record. In all other respects, defendants deny the allegations of paragraph 45.

46. Defendants admit that the number of voters in the 2008 general election who registered to vote or used same day registration to update their registration are matters of public record. In all other respects, defendants deny the allegations of paragraph 46.

47. The allegations of this paragraph are argument or are legal or conclusory allegations to which no response is required. To the extent that a response is required,

9

defendants admit that VIVA prohibits same-day registration and that the number of voters during the 2008 and 2012 general elections who used same-day registration is a matter of public record. In all other respects, defendants deny the allegations of paragraph 47.

48. The allegations of this paragraph are argument or are legal or conclusory allegations to which no response is required. Defendants are without knowledge or information sufficient to form a belief about plaintiffs' definition of "early voting," a term that is neither a term of art nor a term defined in North Carolina's election statutes. Defendants admit that the number of voters who are African-American who used same-day registration or updated their registration during one-stop absentee voting during the 2008 and 2012 general elections are matters of public record. In all other respects, defendants deny the allegations of paragraph 48.

49. Defendants admit that information published in the American Community Survey is a matter of public record. In all other respects, defendants deny the allegations of paragraph 49.

50. The allegations of this paragraph are argument or are legal or conclusory allegations to which no response is required. To the extent that a response is required, defendants deny the allegations of paragraph 50.

## "Out of Precinct Voting in North Carolina"

51. Defendants admit that prior to the enactment of VIVA, voters who voluntarily chose to cast a ballot at an incorrect precinct within the voter's county were allowed to cast provisional ballots, that provisional ballots were counted for those races

10

for which the voter was qualified to vote, and that the NCSBE has followed this practice since January 2002. In all other respects, defendants deny the allegations of paragraph 51.

52. Defendants admit that the cited legislation speaks for itself. In all other respects, defendants deny the allegations of paragraph 52.

53. Defendants admit that local precinct officials are required to check a form giving their understanding of why a particular voter has requested a provisional ballot, that "out of precinct" is one of the categories that may be checked by precinct officials, and that statistics reflecting these decisions by local precinct officials are gathered by the NCSBE. In all other respects, defendants deny the allegations of paragraph 53.

54. Defendants admit that the number of voters described by local precinct officials or county boards of election as voting "out of precinct" provisional ballots for the 2012 general election and the number of those ballots accepted or partially accepted by each county board of elections are matters of public record. In all other respects, defendants deny the allegations of paragraph 54.

55. Defendants admit that the relevant provision of VIVA speaks for itself. In all other respects, defendants deny the allegations of paragraph 55.

56. Defendants admit that the number and races of voters who cast provisional ballots for reasons marked by local precinct officials as "out of precinct" are matters of public record. In all other respects, defendants deny the allegations of paragraph 56.

11

57.     The allegations of this paragraph are argument or are legal or conclusory allegations to which no response is required. To the extent that a response is required, defendants deny the allegations of paragraph 57.

### "The History and Current Pattern of Racial Discrimination in North Carolina"

58.     Defendants admit that North Carolina's past history of racial discrimination as it relates to voting is explained by the Court in the case of *Thornburg v. Gingles*, 478 U.S. 30 (1986). In all other respects, defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 58.

59.     The allegations of this paragraph are argumentative or conclusory allegations to which no response is required. To the extent a response is required, defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 59.

60.     Defendants deny the allegations of paragraph 60.

61.     The allegations of this paragraph are argument or are legal or conclusory allegations to which no response is required. To the extent that a response is required, defendants deny the allegations of paragraph 61.

62.     The allegations of this paragraph are argument or are legal or conclusory allegations to which no response is required. To the extent that a response is required, defendants deny the allegations of paragraph 62.

### "Legislative History of House Bill 589 (VIVA)"

63.     Defendants admit that VIVA was ratified during the last week of the 2013 legislative session. In all other respects, defendants deny the allegations of paragraph 63.

12

64. Defendants admit that the terms and provisions of House Bill 589 speak for themselves and that a bill was filed in the House on April 4, 2013. In all other respects, defendants deny the allegations of paragraph 64.

65. Defendants admit that the bill passed upon Third Reading speaks for itself. In all other respects, defendants deny the allegations of paragraph 65.

66. Defendants admit that the Senate offered a proposed committee substitute to House Bill 589 on or about July 23, 2013, which speaks for itself. In all other respects, defendants deny the allegations of paragraph 66.

67. Defendants deny the allegations of paragraph 67.

68. Defendants admit that the terms of VIVA speak for themselves including the provision that ends same-day registration. In all other respects, defendants deny the allegations of paragraph 68.

69. Defendants admit that Part 25 of the bill speaks for itself. In all other respects, defendants deny the allegations of paragraph 69.

70. Defendants admit that Part 49.3 of VIVA speaks for itself. In all other respects, defendants deny the allegations of paragraph 70.

71. Defendants deny the allegations of paragraph 71.

72. Defendants are without knowledge or information sufficient to form a belief about an opinion offered by a former Executive Director of the State Board of Elections. In all other respects, defendants deny the allegations of paragraph 72.

73. Defendants admit that votes by members of the General Assembly on amendments to the bill, committee reports, readings of the bill, or concurrence with the

13

bill may be matters of public record which speak for themselves. In all other respects, defendants deny the allegations of paragraph 73.

74. Defendants admit that the General Assembly repealed the "Racial Justice Act." Defendants specifically deny that the repeal of the Racial Justice Act is relevant. In all other respects, defendants deny the allegations of paragraph 74.

## "FIRST CLAIM FOR RELIEF
(Denial of Equal Protection under the 14th Amendment to the
U.S. Constitution pursuant to 42 U.S.C. ¶ 1983)"

75. Defendants reallege and incorporate their answers to paragraphs 1-74 and admit that the cited law and the decision by the United States Supreme Court speak for themselves. In all other respects, defendants deny the allegations of paragraph 75.

76. Defendants deny the allegations of paragraph 76.

## "SECOND CLAIM FOR RELIEF
(Denial of Equal Protection under the 14th Amendment to
the U.S. Constitution pursuant to 42 U.S.C. ¶ 1983)"

77. Defendants reallege and incorporate their answers to paragraphs 1-76.

78. The allegations of this paragraph are legal argument to which no response is required. To the extent that a response is required, defendants admit that the cited law speaks for itself. In all other respects, defendants deny the allegations of paragraph 78.

79. Defendants deny the allegations of paragraph 79.

80. Defendants deny the allegations of paragraph 80.

81. The allegations of this paragraph are legal argument to which no response is required. To the extent that a response is required, defendants admit that the cited

14

decision by the United States Supreme Court speaks for itself. In all other respects, defendants deny the allegations of paragraph 81.

82. Defendants deny the allegations of paragraph 82.

## "THIRD CLAIM FOR RELIEF
(Section 2 of the Voting Rights Act of 1965, 42 U.S.C. § 1973)"

83. Defendants reallege and incorporate their answers to paragraphs 1-82.

84. The allegations of this paragraph are legal argument to which no response is required. To the extent that a response is required, defendants admit that the cited law speaks for itself. In all other respects, defendants deny the allegations of paragraph 84.

85-97. Defendants deny the allegations of paragraphs 85-97.

## "FOURTH CLAIM FOR RELIEF
(Section 3(c) of Voting Rights Act of 1965, 42 U.S.C. § 1973)"

98. Defendants reallege and incorporate their responses to paragraphs 1-97.

99. The allegations of this paragraph are legal argument to which no response is required. To the extent that a response is required, defendants admit that the cited law speaks for itself. In all other respects, defendants deny the allegations of paragraph 99.

100. Defendants deny the allegations of paragraph 100.

101. Defendants deny the allegations of paragraph 101.

## SECOND DEFENSE

Any allegations in paragraph 1-101 of the complaint not specifically admitted are denied.

### THIRD DEFENSE

Plaintiffs' Fourth Claim for relief fails to state a distinct and separate claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P.

### FOURTH DEFENSE

On August 13, 2013, the case of *Currie, et al. v. State of North Carolina, et al.*, No. 13-CV-1419, was filed in Orange County, North Carolina Superior Court. This complaint challenges those portions of the enacted H.B. 589 that deal with voter identification under the State Constitution. Because resolution of this case may moot or modify the federal issues in this case, the Court should therefor abstain from considering plaintiffs' claims regarding voter identification pending resolution of the State case.

### FIFTH DEFENSE

Paragraphs 1, 5, 6, 8, 9, 32, 40, 58, 60, and 69 do not comply with Rule 8(a), F.R. Civ. P.

WHEREFORE, defendants move the court:

1. that plaintiffs' complaint be dismissed with prejudice and that judgment be entered for the defendants on all claims;

2. that defendants be awarded their attorneys' fees and costs; and

3. that defendants be awarded such other and further relief as the Court may deem just and proper.

This the 21st day of October, 2013.

        ROY COOPER
        ATTORNEY GENERAL OF NORTH CAROLINA

        By: /s/ Alexander McC. Peters
        Alexander McC. Peters
        Senior Deputy Attorney General
        N.C. State Bar No. 13654
        apeters@ncdoj.gov

        N.C. Department of Justice
        P.O. Box 629
        Raleigh, NC  27602
        Telephone: (919) 716-6900
        Facsimile: (919) 716-6763
        *Counsel for Defendants Joshua B. Howard, Rhonda K. Amoroso, Joshua D. Malcolm, Paul J. Foley, and Maja Kricker*

        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.

        By:  /s/ Thomas A. Farr
        Thomas A. Farr
        N.C. State Bar No. 10871
        Phillip J. Strach
        N.C. State Bar No. 29456
        thomas.farr@ogletreedeakins.com
        phil.stach@ogletreedeakins.com
        4208 Six Forks Road, Suite 1100
        Raleigh, North Carolina 27609
        Telephone:  (919) 787-9700
        Facsimile:  (919) 783-9412
        *Co-counsel for Defendants Joshua B. Howard, Rhonda K. Amoroso, Joshua D. Malcolm, Paul J. Foley, and Maja Kricker*

BOWERS LAW OFFICE LLC

By: /s/ Karl S. Bowers, Jr.
Karl S. Bowers, Jr.*
Federal Bar #7716
P.O. Box 50549
Columbia, SC 29250
Telephone: (803) 260-4124
E-mail: butch@butchbowers.com
*appearing pursuant to Local Rule 83.1(d)

*Counsel for Defendant Governor Patrick L. McCrory*

By: /s/ Robert C. Stephens
Robert C. Stephens (State Bar #4150)
General Counsel
Office of the Governor of North Carolina
20301 Mail Service Center
Raleigh, North Carolina 27699
Telephone: (919) 814-2027
Facsimile: (919) 733-2120
E-mail: bob.stephens@nc.gov

*Counsel for Defendant Governor Patrick L. McCrory*

18

# CERTIFICATE OF SERVICE

I, Thomas A. Farr, hereby certify that I have this day electronically filed the foregoing **ANSWER** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Anita S. Earls
Allison J. Riggs
Clare R. Barnett
Southern Coalition for Social Justice
1415 Hwy. 54, Suite 101
Durham, NC  27707
anita@southerncoalition.org

Dale Ho
ACLU Voting Rights Project
125 Broad Street
New York, NY  10004
dale.ho@aclu.org

Laughlin McDonald
ACLU Voting Rights Project
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA  30303
lmcdonald@aclu.org

Christopher Brook
ACLU of North Carolina Legal Foundation
PO Box 28004
Raleigh, NC  27611-8004
cbrook@acluofnc.org

This, the 21st day of October, 2013.

OGLETREE, DEAKINS, NASH
SMOAK & STEWART, P.C.

/s/ Thomas A. Farr
Thomas A. Farr (N.C. Bar No. 10871)

16213949.1