IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, EMMANUEL BAPTIST CHURCH, BETHEL A. BAPTIST CHURCH, COVENANT PRESBYTERIAN CHURCH, CLINTON TABERNACLE AME ZION CHURCH, BARBEE'S CHAPEL MISSIONARY BAPTIST CHURCH, INC., ROSANELL EATON, ARMENTA EATON, CAROLYN COLEMAN, BAHEEYAH MADANY, JOCELYN FERGUSON-KJELLY, FAITH JACKSON and MARY PERRY, <br><br> Plaintiffs, <br><br> v. <br><br> PATRICK LLOYD MCCRORY, in his official capacity as the Governor of North Carolina, KIM WESTBROOK STRACH, in her official capacity as Executive Director of the North Carolina State Board of Elections, JOSHUA B. HOWARD, in his official capacity as Chairman of the North Carolina State Board of Elections, RHONDA K. AMOROSO, in her official capacity as Secretary of the North Carolina State Board of Elections, JOSHUA D. MALCOLM, in his official capacity as a member of the North Carolina State Board of Elections, PAUL J. FOLEY, in his official capacity as member of the North Carolina State Board of Elections and MAJA KRICKER, in her official capacity as a member of the North Carolina State Board of Elections, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 1:13-CV-658 |

| LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA, A. PHILIP RANDOLPH INSTITUTE, UNIFOUR ONESTOP COLLABORATIVE, COMMON CAUSE NORTH CAROLINA, GOLDIE WELLS, KAY BRANDON, OCTAVIA RAINEY, SARA STOHLER, and HUGH STOHLER, <br><br> Plaintiffs, <br><br> v. <br><br> THE STATE OF NORTH CAROLINA, JOSHUA B. HOWARD in his official capacity as a member of the State Board of Elections, RHONDA K. AMOROSO in her official capacity as a member of the State Board of Elections, JOSHUA D. MALCOLM in his official capacity as a member of the State Board of Elections, PAUL J. FOLEY in his official capacity as a member of the State Board of Elections, MAJA KRICKER in her official capacity as a member of the State Board of Elections, and PATRICK L. MCCRORY in his official capacity as Governor of the State of North Carolina, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:13-CV-00660 |
|---|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> THE STATE OF NORTH CAROLINA; THE NORTH CAROLINA STATE BOARD OF ELECTIONS; and KIM W. STRACH, in her official capacity as Executive Director of the North Carolina State Board of Elections, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:13-CV-00861 |

2

# DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE

Defendants in the above captioned cases jointly submit this Memorandum in Support of the United States' Motion to Consolidate and in Opposition to Plaintiffs' Motion to Consolidate for Purposes of Discovery Only.

## BACKGROUND

Plaintiffs filed three separate actions challenging the legality of North Carolina House Bill 589 (hereafter "HB 589"): *United States v. North Carolina*, No. 1:13-cv-861 (M.D.N.C.) (hereinafter "*United States*"); *North Carolina State Conference of the NAACP v. McCrory*, No. 1:13-cv-658 (M.D.N.C.) (hereinafter "*NAACP*"); and *League of Women Voters of North Carolina v. North Carolina*, No. 1:13-cv-660 (M.D.N.C.) (hereinafter "*LWV*"). HB 589 changed various procedures for voting in North Carolina including a reduction in the early voting period, changes to the voter registration process, changes in the way provisional ballots are counted, and adding a voter photo identification requirement.

On November 15 and 25, 2013, the parties in all three actions met and conferred pursuant to Rule 26(f). During these conferences, the parties discussed consolidating the actions for all purposes. Counsel for plaintiffs in the *NAACP* and *LWV* cases objected to consolidation, preferring the cases be consolidated for discovery only. On November 26, 2013, the United States moved to consolidate all three cases. Plaintiffs in the *NAACP* and *LWV* cases filed Oppositions to the Motion to Consolidate and Motions to Consolidate for Purposes of Discovery Only on December 3, 2013. Because the legal

3

and factual issues in these cases are identical and consolidation will prevent the possibility of inconsistent adjudication of these important issues, Defendants file this memorandum supporting the United States' request for full consolidation and opposing the *NAACP* and *LWV* plaintiffs' motions for limited consolidation.

## ARGUMENT

Federal Rule of Civil Procedure 42(a) states, "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." "District courts have broad discretion under Fed. R. Civ. Proc. 42(a) to consolidate causes pending in the same district." *Pinehurst, Inc. v. Resort Air Services, Inc.*, 476 F. Supp. 543, 559 (M.D.N.C. 1979).

> In exercising its discretion in such regard, the court should weigh the risk of prejudice and possible confusion verse the possibility of inconsistent adjudication of common factual and legal issues, the burden on the parties, witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit and the relative expense required for multiple suits versus a single suit.

*In re Cree, Inc., Securities Litigation*, 219 F.R.D. 369, 371 (M.D.N.C. 2003). The reasons cases should be consolidated include: "(1) possibility of inconsistent adjudication of common factual and legal issues; (2) unnecessary burden on parties and witnesses created by separate cases; (3) judicial economy; and (4) additional time requirement and expenses resulting from separate trials." *Pariseau v. Anodyne Healthcare Mgmt.*, No. Civ. A. 3:04-cv-630, 2006 WL 325379 at *2 (W.D.N.C. Feb. 9, 2006). The reasons for

4

Case 1:13-cv-00660-TDS-JEP Document 40 Filed 12/09/13 Page 4 of 12

denying consolidation include: "(1) prejudice to parties; (2) juror confusion; and (3) additional time requirements and expenses resulting from consolidation." *Id.*

There is no dispute that these three actions have identical factual and legal issues. All three actions challenge the legality of HB 589 under Section 2 of the Voting Rights Act, 42 U.S.C. § 1973 and the Fourteenth Amendment of the United States Constitution. The *United States* and *NAACP* cases also include claims based on the Fifteenth Amendment. And all three cases involve overlapping challenges to multiple provisions of HB 589.

The *NAACP* and *LWV* plaintiffs argue against consolidation because one set of plaintiffs has not challenged the voter identification requirement established by HB 589 and only one set of plaintiffs has challenged a provision in HB 589 that allows each political party to appoint ten additional observers per county who may enter and observe activities at precincts on election day. This argument overlooks that all three sets of plaintiffs challenge other changes implemented by HG 589 including: (1) the elimination of same day registration; (2) the elimination of out of precinct voting; and (3) the reduction in the number of days of "early voting." Furthermore, the *NAACP* and the *United States* plaintiffs both challenge the voter identification requirement established by HB 589. Plaintiffs misunderstand that courts do not require a complete identity of claims for consolidation. In fact, courts routinely consolidate cases involving different claims when the underlying factual or legal issues are similar.

In *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186 (4th Cir. 1982), the trial court consolidated four actions and a third party claim incident to two of the actions into a

5

single trial. The third party actions involved an insurance company's contribution claims. Defendants argued these claims were not sufficiently common to justify consolidation, particularly considering consolidation would require disclosure of Defendants' insurance information to the jury. *Id.* at 192-194. The Fourth Circuit rejected Defendants' arguments and affirmed consolidation because the contribution and other claims involved similar issues of proximate cause. *Id.* at 194. *See e.g., Hanes Cos., Inc. v. Ronson*, 712 F. Supp. 1223, 1230 (M.D.N.C. 1988) (granting consolidation after plaintiff filed second action against new parties with considerably broader causes of action arising out of the same series of transactions as plaintiff's pending action); *In re Cree, Inc., Securities Litigation*, 219 F.R.D. 2003 (M.D.N.C.) (consolidating 19 purported class action suits involving securities claims); *SunTrust Mortgage, Inc. v. Busby*, No. 2:09-cv-3, 2009 WL 1658484 (W.D.N.C. July 11, 2009) (consolidating cases involving separate bank loans to separate plaintiffs for different properties involving similar, but not identical, claims and counterclaims); *Conbraco Indus., Inc. v. Elmco & Assoc., Inc.*, No. 3:10-cv-87, 2010 WL 2775633 (W.D.N.C. July 13, 2010) (consolidating actions where two former employees worked for sister corporations and alleged separate contractual disputes with their former employers). Commonality of factual and legal issues is required to consolidated cases, not identity of claims.

The *NAACP* and *LWV* plaintiffs offer no other basis for denying consolidation. Unlike the cases they cite allowing consolidation for discovery only, the actions before this court do not require analysis of individual physical harm and the reasonableness of subsequent care, *Great Lakes Anesthesia, PLLC v. State Farm Mut. Auto. Ins. Co.*, No.

6

11-10658, 2011 WL 2472700 (E.D. Mich. June 22, 2011); do not involve plaintiffs asserting claims under different states laws, *Pariseau*, No. 3:04-cv-630, 2006 WL 325379 (W.D.N.C. Feb. 9, 2006); do not attempt to identify the manufacturer of a defective machine, *Davis v. Heritage Crystal Clean, LLC*, No. 3:10-cv-59, 2011 WL 1483167 (E.D. Tenn. April 19, 2011); and do not involve "separate and distinct cases" of individual employee harassment, *Gaddy v. Elmcroft Assisted Living*, No. 3:04-cv-36, 2005 WL 2989658 (W.D.N.C. Nov. 2, 2005). These cases before this court involve the same challenges to the same law filed in three separate actions, and consolidation is appropriate.

In addition to the commonality of factual and legal issues, all other factors weigh in favor of consolidation. *See Pariseau*, No. 3:04-cv-630, 2006 WL 325379 at *2. Most importantly, consolidation will prevent any possibility of inconsistent adjudication of the common factual and legal issues. A single resolution of the issues presented by these suits is critical to the administration and enforcement of HB 589. Should the courts reach inconsistent findings, the parties to these suits and the citizens of North Carolina will suffer uncertainty in the laws surrounding the voting process. Conflicting decisions will inevitably lead to appellate reviews and lengthy delays in resolving these issues. Consolidating now will avoid unnecessary delay and uncertainty.

Also, all parties agree that consolidation will relieve an unnecessary burden on parties and witnesses, promote judicial economy, and save the additional time requirements and expenses resulting from separate trials. *Id. See* Motion and Proposed Order to Consolidate for Purposes of Discovery Only, *NAACP v. McCrory*, 1:13-cv-658

(Dec. 3, 2013) (Docket No. 21, pp 3-4); Motion to Consolidate and Motion to Participate in December 12, 2013 Scheduling Conference, *United States v. North Carolina*, 1:13-cv-861 (Nov. 26, 2013) (Docket No. 28).

None of the factors against consolidation exist. There is no risk of prejudice to the parties, juror confusion, or additional time requirements and expenses from consolidation. *See Pariseau*, No. 3:04-cv-630, 2006 WL 325379 at *2. The *NAACP* and *LWV* plaintiffs do not even address these factors in their briefs. The commonality of the issues, the avoidance of inconsistence adjudication, and judicial economy all weigh in favor of consolidation, and these actions should be fully consolidated.

## CONCLUSION

For the foregoing reasons, Defendants North Carolina and State Board of Elections respectfully asks the court to grant United States Motion to Consolidate and deny the *NAACP* and *LWV* plaintiffs' Motions to Consolidate for Discovery Only.

This the 9th day of December, 2013.

ROY COOPER
ATTORNEY GENERAL OF NORTH CAROLINA

By: /s/ Alexander McC. Peters
Alexander McC. Peters
Senior Deputy Attorney General
N.C. State Bar No. 13654
apeters@ncdoj.gov
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602
Telephone: (919) 716-6900
Facsimile: (919) 716-6763
*Counsel for Defendants North Carolina and State Board of Election Defendants.*

OGLETREE, DEAKINS, NASH SMOAK & STEWART, P.C.

/s/ Thomas A. Farr
Thomas A. Farr
N.C. State Bar No. 10871
Phillip J. Strach
N.C. State Bar No. 29456
thomas.farr@ogletreedeakins.com
phil.stach@ogletreedeakins.com
4208 Six Forks Road, Suite 1100
Raleigh, North Carolina 27609
Telephone: (919) 787-9700
Facsimile: (919) 783-9412
*Co-counsel for Defendants North Carolina and State Board of Election Defendants.*

BOWERS LAW OFFICE LLC

By: /s/ Karl S. Bowers, Jr.
Karl S. Bowers, Jr.*
Federal Bar #7716
P.O. Box 50549
Columbia, SC 29250
Telephone: (803) 260-4124
E-mail: butch@butchbowers.com
*appearing pursuant to Local Rule 83.1(d)
*Counsel for Governor Patrick L. McCrory*

By: /s/ Robert C. Stephens
Robert C. Stephens (State Bar #4150)
General Counsel
Office of the Governor of North Carolina
20301 Mail Service Center
Raleigh, North Carolina 27699
Telephone: (919) 814-2027
Facsimile: (919) 733-2120
E-mail: bob.stephens@nc.gov
*Counsel for Governor Patrick L. McCrory*

10

## CERTIFICATE OF SERVICE

I, Thomas A. Farr, hereby certify that I have this day electronically filed the foregoing **Memorandum In Support of Motion to Consolidate** with the Clerk of Court using the CM/ECF system which will provide electronic notification of the same to the following:

*Counsel for United States of America*:

John A. Russ IV
Catherine Meza
David G. Cooper
Spencer R. Fisher
Elizabeth M. Ryan
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
Room 7254-NWB
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

Gill P. Beck
Special Assistant United States Attorney
Office of the United States Attorney
United States Courthouse
100 Otis Street
Asheville, NC 28801

*Counsel for NCAAP Plaintiffs:*

Penda D. Hair
Edward A. Hailes, Jr.
Denise D. Liberman
Donita Judge
Caitlin Swain
ADVANCEMENT PROJECT
Suite 850
1220 L Street, N.W.
Washington, DC 20005
phair@advancementproject.com

Irving Joyner
P.O. Box 374
Cary, NC 27512
ijoyner@nccu.edu

Adam Stein
TIN FULTON WALKER & OWEN
312 West Franklin Street
Chapel Hill, NC 27516
astein@tinfulton.com

Thomas D. Yannucci
Daniel T. Donovan
Susan M. Davies
K. Winn Allen
Uzoma Nkwonta
Kim Knudson
Anne Dechter
KIRKLAND & ELLIS LLP
655 Fifteenth St., N.W.
Washington, DC 20005
tyannucci@kirkland.com

*Counsel for League of Women Voter Plaintiffs:*

Anita S. Earls
Allison J. Riggs
Clare R. Barnett
Southern Coalition for Social Justice
1415 Hwy. 54, Suite 101
Durham, NC 27707
anita@southerncoalition.org

Dale Ho
ACLU Voting Rights Project
125 Broad Street
New York, NY 10004
dale.ho@aclu.org

Laughlin McDonald
ACLU Voting Rights Project
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303
lmcdonald@aclu.org

Christopher Brook
ACLU of North Carolina Legal Foundation
PO Box 28004
Raleigh, NC 27611-8004
cbrook@acluofnc.org

This, the 9th day of December, 2013.

OGLETREE, DEAKINS, NASH
SMOAK & STEWART, P.C.

/s/ Thomas A. Farr
Thomas A. Farr (N.C. Bar No. 10871)
4208 Six Forks Road, Suite 1100
Raleigh, NC 27609
Telephone: 919.787.9700
Facsimile: 919.783.9412
thomas.farr@odnss.com

*Co-Counsel for Defendants North Carolina and State Board of Elections Defendants*

16589555.1